# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:18-CR-285 |
| v. | (Judge Brann) |
| WESLEY MARK SMITH, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

**FEBRUARY 18, 2020**

**BACKGROUND:**

Defendant Wesley Mark Smith is an inmate at United States Penitentiary Allenwood. The United States of America ("the Government") has charged Smith with assaults within the United States' special maritime and territorial jurisdiction under 18 U.S.C. § 7(3) and § 113(a)(1). Trial will begin on March 9, 2020.

The parties have each submitted motions in limine. Smith moves the Court to exclude evidence of "[f]railty or any evidence of any medical condition of" the victim.[1] The Government moves the Court to rule that the following evidence is admissible: (1) a statement that the victim made to a nurse; (2) a statement in a

---

[1] A second branch of Smith's motion in limine, related to a statement from a "Lt. L. Engle," is now moot. In a recent filing on February 14, 2020, Smith made a "supplemental" motion *in limine* concerning a purported letter that Smith wrote to his "estranged" wife. In that motion, Smith also asks the Court to exclude "any mention of the death of [the victim] at trial." ECF No. 78. This Memorandum Opinion and Order expressly does *not* decide Smith's February 14, 2020 motion, which is not yet ripe.

corrections officer's memorandum; and (3) testimony and a written report from a forensic pathologist who performed an autopsy on the victim.

### A. Evidence of the Victim's Medical Condition, and Evidence from the Forensic Pathologist

As a practical matter, the Court cannot both (a) grant Smith's motion; and (b) admit the Government's pathologist evidence. The Court, then, will analyze these requests together.

Smith argues that evidence of the victim's medical condition (such as the pathologist evidence) subjects him to "unfair prejudice."[2] The Government argues that the pathologist evidence "is relevant and admissible to prove that the victim suffered a serious bodily injury," and that the victim's "general health is likewise relevant to any claim by Smith to self defense."[3] Smith also argues that the pathologist evidence does not meet the standards for expert evidence that Federal Rule of Evidence 702 prescribes.

With respect to relevance, evidence that presents "substantial" relevance to "prov[ing] important elements" of criminal counts against defendants "offset[s] its potential to cause prejudice" for those defendants.[4] Indeed, even evidence that "support[s] the Government's theory of the case" carries significant probative

---

[2] Fed. R. Evid. 403.

[3] ECF No. 51 at 13.

[4] *United States v. Eufrasio*, 935 F.2d 553, 573 (3d Cir. 1991).

value.[5] Further, the jury can receive appropriate instructions in order to limit the potential for prejudice.[6] I find that here, the pathologist evidence presents substantial evidence to proving the element that the victim suffered a "serious bodily injury."[7] This significant probative value outweighs the potential for prejudice for Smith.[8] This principle also applies to the testimony of Dr. Brian Buschman, a Bureau of Prisons medical officer. Dr. Buschman's testimony on the victim's medical history and general health is relevant and admissible to proving that the victim suffered a "serious bodily injury" as a consequence of Smith's alleged assault.[9] The Court can address any prejudice at trial with a limiting instruction, if need be.

With respect to expert evidence, the Court has reviewed the pathologist's report. The pathologist adequately described the process he used to examine the victim and his review of prior medical records. Therefore, the Court "conclude[s] that [the pathologist's] expert testimony . . . rests on a reliable foundation."[10]

---

[5] *United States v. Navarro*, 457 F. App'x 152, 153 (3d Cir. 2012)

[6] *See United States v. Mark*, 460 F. App'x 103, 109 (3d Cir. 2012).

[7] ECF No. 1 at 3.

[8] *United States v. Eufrasio*, 935 F.2d 553, 573 (3d Cir. 1991); *see also United States v. Vickers*, 442 F. App'x 79, 84 (5th Cir. 2011) (in prosecution of an alleged assault of a correctional officer, "the evidence of the injuries was used to prove an element of the crime; its probative value was significant" and evidence was admissible); *United States v. Durham*, 902 F.3d 1180, 1235 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 849 (2019) (evidence that was "highly probative of the victims' injuries" was permissible).

[9] *See* ECF No. 54 at 2.

[10] *Bornstad ex rel. estate of Bornstad v. Honey Brook Twp.*, No. C.A.03-CV-3822, 2005 WL 2212359, at *11 (E.D. Pa. Sept. 9, 2005), *aff'd sub nom. Bornstad v. Honey Brook Twp.*, 211

The Court denies Smith's motion with prejudice and grants the Government's motion with respect to the pathologist evidence.

B. **The Victim's Statement to the Nurse**

The parties report that when asked what happened, the victim stated to a nurse, "I woke up and something was on my face, I could not breathe. I cannot feel my face, will you stay with me, will you help me?" The Government also reports that the victim "went on to describe pain to the back of his head as 10/10."

The final part of this statement—"will you stay with me, will you help me?"—is not "made for" or "reasonably pertinent" to the nurse's medical diagnosis.[11] Therefore, the Court excludes that final part as hearsay.[12]

But the Court finds that the rest of this statement—"I woke up and something was on my face, I could not breathe. I cannot feel my face."; and the description of pain as "10/10"—was "made for" and "reasonably pertinent to" the nurse's medical diagnosis or treatment." Also, this part described the victim's

---

F. App'x 118 (3d Cir. 2007); *see also ZINK v. Mcclung*, No. 5:14CV25, 2014 WL 12596538, at *3 (N.D.W. Va. Nov. 14, 2014) ("It is well within a pathologist's skill set to perform an autopsy, review a decedent's health records, and make a judgment as to his cause of death.").

[11] Fed. R. Evid. 803(4)(A).

[12] Fed. R. Evid. 802.
- 4 -

"past or present symptoms or sensations."[13] The Court, then, admits the rest of this statement as admissible under Federal Rule of Evidence 803(4).[14]

### C. The Memorandum Statement

The Government reports that during the victim's medical assessment, which took place shortly after the alleged incident, a corrections officer observed the victim stating: "I woke up and felt something on my face and couldn't breathe then started being hit." According to the Government, the corrections officer documented this statement by the victim in a memorandum. Given that the victim made this statement soon after he was allegedly assaulted, this statement is admissible through the excited utterance (Federal Rule of Evidence 803(2)) exception to the hearsay doctrine.[15]

---

[13] Fed. R. Evid. 803(4)(A).

[14] *See United States v. Gonzalez*, 905 F.3d 165 (3d Cir. 2018); *United States v. Santos*, 589 F.3d 759, 763 (5th Cir. 2009) (in trial for assault resulting in serious bodily injury, statements that victim made to prison nurse about degree of pain were admissible and not hearsay).

[15] *See United States v. Coleman*, 68 F. App'x 300, 304 (3d Cir. 2003); *United States v. Brown*, 254 F.3d 454, 462 (3d Cir. 2001). The Government also seeks to leverage the present sense impression (Federal Rule of Evidence 803(1)) exception to the hearsay doctrine. Given that this statement qualifies as an excited utterance, the Court does not see fit to analyze this statement under a present sense impression framework.

**THEREFORE**, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion in Limine, ECF No. 41, January 17, 2020, is **DENIED WITH PREJUDICE**.

2. The Government's Motion in Limine, ECF No. 44, January 17, 2020, is **GRANTED**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge