# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | No. 4:18-CR-285 |
|---|---|
| v. | (Judge Brann) |
| WESLEY MARK SMITH, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

### MARCH 6, 2020

**BACKGROUND:**

Defendant Wesley Mark Smith is an inmate at United States Penitentiary Allenwood. The United States of America ("the Government") has charged Smith with assaults within the United States' special maritime and territorial jurisdiction under 18 U.S.C. § 7(3) and §§ 113(a)(1), 113(a)(3) and 113(a)(6). Trial is soon to begin.

On February 14, 2020, Smith made a Supplemental Motion in Limine.[1] Smith asks the Court to exclude from trial:

a) A letter that Smith wrote to his estranged wife on November 5, 2016 (the "November 5 Letter").[2]

b) Any mention of the death of Michael Guibilo, the victim.[3]

---

1    ECF No. 78.

2    ECF No. 78 at ¶¶ 1-5.

The Government opposed Smith's Supplemental Motion on February 28, 2020.[4] Smith submitted his reply on March 3, 2020.[5]

### A. The November 5 Letter

On November 5, 2016, Smith wrote his estranged wife, Roxanne, a letter. In relevant part, the November 5 Letter reads: ". . . I've been indicted for murder. My attorney came to see me, and told me that I am facing the death penalty. It's better than life! . . . I'm planning to plea[d] guilty to the whole murder 1 thing, and take their worse."[6]

Smith argues that the Court should exclude the November 5 Letter under Federal Rule of Evidence 401 (as irrelevant), Federal Rule of Evidence 403 (as unduly prejudicial), and/or Federal Rule of Evidence 804(b)(3) (as not falling within the hearsay exception for statements against interest).[7] The Government argues that the November 5 Letter constitutes an admission by a party opponent, under Federal Rule of Evidence 801(d)(2), and thus is not hearsay.[8] The

---

[3] ECF No. 78 at ¶ 6.

[4] ECF No. 89.

[5] ECF No. 94. Here, the Court chose to make an exception to M.D.Pa. Local Rule 7.7, which provides that a reply brief "may be filed by the moving party within fourteen (14) days after service of the brief in opposition." The Court made this exception because Smith's Supplemental Motion was untimely, *see* ECF No. 32, and the Court wished for Smith to have the last word on his motion before trial commenced on March 9. *See* ECF No. 90.

[6] *See* ECF No. 89-3.

[7] *See* ECF No. 79 at 1-4.

[8] *See* ECF No. 89 at 8-14.

Government also argues that the November 5 Letter is relevant and not unduly prejudicial.[9]

The November 5 Letter constitutes a non-hearsay admission by a party opponent. To be admissible under this hearsay exception, a party's admission must be contrary to that party's position at the time of trial.[10] Smith's position here, at the time of trial, is that he is not guilty of the assault charges that the Government has levied against him. Indeed, Smith suggests that the alleged assault may have been "justified by self-defense."[11] Though Smith is correct that he is being charged with assault and not murder, Smith's earlier statement that he planned to plead guilty to first-degree murder is contrary to the position he now asserts concerning his assault charge.[12]

Further, the November 5 Letter is relevant and not unduly prejudicial. As stated, the Letter contains a statement that Smith planned to plead guilty to first-degree murder. This statement "make[s the] material fact" of Smith's assaulting

---

[9] *See* ECF No. 89 at 14-15.

[10] *United States v. Ciavarella*, 716 F.3d 705, 726 n.9 (3d Cir. 2013) (cleaned up).

[11] ECF No. 94 at 3.

[12] *See United States v. Nowlin*, 555 F. App'x 820, 826 (10th Cir. 2014) (in appeal of assault conviction, defendant's post-conduct statements including "acting like he done something and he was wanting to know what it was going to be like to go to prison" were admissible as admissions); *United States v. LaBuff*, 883 F.2d 1025 (9th Cir. 1989) (defendant's statement that his family members would not testify against him was admissible as admission as the jury "could have inferred from [defendant's] statement an awareness of some guilt"); *United States v. Black Bear*, 542 F.3d 249, 256 (8th Cir. 2008) (in assault charge, defendant's statements to police officer that he "wanted to turn himself in" and "just retaliated" against victim who hit him first were admissible as admissions); s*ee generally United States v. Velarde*, 528 F.2d 387, 389 (9th Cir. 1975) (statement "clearly admissible as an admission and as evidence of [defendant's] assaultive intent").

Guibilo "more probable . . . than it would be without the evidence" and therefore is relevant.[13] The probative value of this statement is not substantially outweighed by any unfair prejudice that might result from its admission, especially considering the ameliorating effect of a limiting instruction.[14]

### B. Guibilo's Death

The Government intends to offer into evidence (1) findings by a pathologist and an autopsy report, which includes mention of Guibilo's death; and (2) testimony about Smith's interview statements that include Smith's responses to questions related to Guibilo's death.[15] Smith argues that any mention at trial of Guibilo's death would be irrelevant and/or unfairly prejudicial, because "[t]hat death was the fault of the [Bureau of Prisons] and hospital negligence."[16] The Government argues that it would be "unduly cumbersome" and would "invite confusion and conjecture" to leave Guibilo's death out of its narrative that it plans to present to the jury.[17]

---

[13] *United States v. Foster*, 891 F.3d 93, 109 (3d Cir. 2018) (cleaned up).

[14] *See United States v. Rutherford*, No. CRIM.A. 05-00126-1, 2006 WL 7349954, at *3 (E.D. Pa. Jan. 25, 2006), *aff'd*, 236 F. App'x 835 (3d Cir. 2007) (probative value of letter containing a potential admission of guilt outweighed any unfair prejudice that might result from its admission); *United States v. Perkins*, 596 F. Supp. 528, 536 (E.D. Pa. 1984) (statement that showed defendant's "knowledge and state of mind" was admissible as admission by party opponent).

[15] *See* ECF No. 89 at 16-17.

[16] ECF No. 79 at 5.

[17] ECF No. 89 at 17.

Evidence that "allows[] the jury to understand the circumstances surrounding the charged crime"—thus, "completing the story" that the prosecution is trying to tell—is submitted for "a proper, non-propensity purpose" under Federal Rule of Evidence 404(b).[18] Further, persuasive authority from the United States Court of Appeals for the First Circuit suggests that if evidence of a victim's death is relevant, then if the evidence is "tightly linked" to a defendant's "guilt as defined by the elements of the offense," that evidence is admissible under Federal Rule of Evidence 403's balancing test.[19] And, finally, persuasive authority from the United States Court of Appeals for the Eleventh Circuit suggests that the fact that a witness is dead is relevant and not unduly prejudicial is relevant and not unduly prejudicial "to explain the fact that [the witness] did not testify."[20]

Following the above, I will permit the prosecution to introduce the bare fact of Guibilo's death. Permitting the jury to hear that Guibilo is dead (1) affords the jury evidence that is tightly linked with the elements of the assault charge against Smith; (2) allows the Government to "complete the story" of Smith's alleged

---

[18] *United States v. Green*, 617 F.3d 233, 247 (3d Cir. 2010); *see also United States v. Vretta*, 790 F.2d 651, 656 (7th Cir. 1986) (cleaned up) (evidence of victim's death in kidnapping case "was relevant because to exclude it, would have left a chronological and conceptual void in the story of" the crime).

[19] *United States v. Cruz-Kuilan*, 75 F.3d 59, 61 (1st Cir. 1996).

[20] *United States v. Accetturo*, 966 F.2d 631, 637 (11th Cir. 1992); *see also United States v. Brown*, 492 F. App'x 57, 59 (11th Cir. 2012).

assault of Guibilo, and (3) allows the Government to account for Guibilo's unavailability to testify.[21]

Smith argues that as he stipulated that he "caused serious injury" to Guibilo, the Government no longer has to carry its burden of proof on this element, and evidence of Guibilo's death therefore fails the Federal Rule of Evidence 403 balancing test. In general, as the United States Supreme Court concluded in *Old Chief v. United States*, "the accepted rule that the prosecution is entitled to prove its case free from any defendant's option to stipulate the evidence away rests on good sense."[22] That "accepted rule" applies in this instance; therefore, Smith cannot have his stipulation serve as a stand-in for the Government introducing evidence on this element.

But that is a different issue from whether a particular piece of Government evidence is unfairly prejudicial to Smith. In this situation, the Government has multiple means—"alternative evidentiary avenues"—of proving the "serious injury" element of the third charge that it has levied against Smith.[23] As such, the

---

[21] *See United States v. Guzman*, No. 11 CR 1015 LTS, 2013 WL 3305308, at *3 (S.D.N.Y. July 1, 2013) (finding that evidence of a bank robbery victim's death was relevant and not unduly prejudicial—even when it was a co-defendant, not the moving defendant, who performed the beating that led to the victim's death).

[22] 519 U.S. 172, 189 (1997).

[23] *Henderson v. George Washington Univ.*, 449 F.3d 127, 137 (D.C. Cir. 2006).

below "analytical method to be used in Rule 403 balancing," which the Supreme Court put forth in *Old Chief*, applies.[24]

> [A] court would decide whether a particular item of evidence raised a danger of unfair prejudice. If it did, the judge would go on to evaluate the degrees of probative value and unfair prejudice not only for the item in question but for any actually available substitutes as well. If an alternative were found to have substantially the same or greater probative value but a lower danger of unfair prejudice, sound judicial discretion would discount the value of the item first offered and exclude it if its discounted probative value were substantially outweighed by unfairly prejudicial risk. As we will explain later on, the judge would have to make these calculations with an appreciation of the offering party's need for evidentiary richness and narrative integrity in presenting a case, and the mere fact that two pieces of evidence might go to the same point would not, of course, necessarily mean that only one of them might come in. It would only mean that a judge applying Rule 403 could reasonably apply some discount to the probative value of an item of evidence when faced with less risky alternative proof going to the same point.

The Court has reviewed the Government's proffered exhibits. In the Court's determination, the following exhibits carry significant probative value towards showing that Guibilo suffered a serious injury. Yet they make no mention of Guibilo's death.

- Government Exhibits 3.1 to 3.7 are photographs showing, in intense detail and from multiple angles, the extent of Guibilo's injuries.

- Government Exhibit 7 is Registered Nurse Kristi Duke's "Injury Assessment," conducted soon after the alleged assault.

- A portion of Government Exhibit 9, from pages 3723 to 3729, details Geisinger Medical Center's "History and Physical Examination" of Guibilo—which Geisinger performed soon after the alleged assault.

---

[24] *Old Chief*, 519 U.S. at 182-83.

- Government Exhibit 9.3 is a collection of doctor's notes from Guibilo's first hours at Geisinger Medical Center. The notes contain detailed descriptions of Guibilo's injuries.

- Government Exhibit 11.1 is Medical Officer Dr. Brian Buschman's review of Guibilo's medical records.

In the Court's view, the above exhibits have "substantially the same or greater probative value but a lower danger of unfair prejudice" than does the pathologist evidence and autopsy report. The prejudicial thrust of the autopsy report is that it devotes discussion to Giubilo's treatment and eventual death at Geisinger Medical Center—all after Guibilo was judged to be medically "stable," and *after* the alleged assault.[25] The report also dedicates extensive discussion to memorializing the autopsy process.[26] Further, the above five proffered exhibits were recorded closer to time to the alleged assault.

Given that the above other exhibits are available, introducing the pathologist evidence and autopsy report would be unfairly prejudicial, and would risk confusing the issues, misleading the jury, and needlessly presenting cumulative evidence.[27] Therefore, the Government may not introduce the evidence of "the pathologist's findings and the autopsy report" as referenced in ECF Nos. 83 and

---

[25] Government's Exhibit 10.1 at 3.

[26] Government's Exhibit 10.1 at 4-12, "Page 1 of 3" to "Page 3 of 3."

[27] *See Perryman v. H & R Trucking, inc.*, 135 F. App'x 538, 541 (3d Cir. 2005) (Circuit upheld district court's conclusion under similar balancing test "that admission of less prejudicial evidence . . . would balance these conflicting interests"); *United States v. Storm*, 915 F. Supp. 2d 1196, 1205 (D. Or. 2012), *aff'd*, 612 F. App'x 445 (9th Cir. 2015) (allowing certain images into evidence but excluding others under *Old Chief* test).

89. The Court acknowledges its previous ruling that the Government *could* introduce that evidence.  But the Court made that ruling before considering the full swath of evidence that the Government planned to introduce at trial.  The Court had not yet considered the full range of "actually available substitutes" of evidence, and was not able to "plac[e] the result of [its initial] assessment alongside similar assessments of evidentiary alternatives," such that the Supreme Court outlined in *Old Chief*.[28]

To further focus the trial, the Court will issue a limiting instruction that explains to the jury that Smith has not been charged with causing Guibilo's death and the jury should not draw any negative inferences against Smith from the fact of Guibilo's death.[29]  As well, the Court will exercise a corrective role in the course of trial, preventing the trial from diverting into a side attraction of the manner and circumstances of Guibilo's death.

**THEREFORE**, **IT IS HEREBY ORDERED** that:

1. Defendant's Supplemental Motion in Limine, ECF No. 78, February 14, 2020, is **DENIED**.

2. The Government may introduce evidence of the bare fact of Guibilo's death.

---

[28] *Old Chief*, 519 U.S. at 182, 184-85.

[29] *United States v. Accetturo*, 966 F.2d 631, 637 (11th Cir. 1992); *see also United States v. Brown*, 492 F. App'x 57, 59 (11th Cir. 2012).

3. The Government may not introduce the evidence of "the pathologist's findings and the autopsy report" as referenced in ECF Nos. 83 and 89.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge